UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 01-80571

Hon. John Corbett O'Meara

RAYMOND CANTY D-2,

       Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART THE GOVERNMENT'S MOTION
FOR INQUIRY AS TO POSSIBLE CONFLICTS OF INTEREST**

Before the court is the government's motion for inquiry as to possible conflicts of interest of attorney Richard Lustig, filed September 13, 2006. Defendant Canty submitted a response on October 16, 2006. The court heard oral argument on October 19, 2006, and took the matter under advisement. For the reasons set forth below, the court grants in part and denies in part the government's motion.

**BACKGROUND FACTS**

The government is again raising the issue of Richard Lustig's prior representation of Milton "Butch" Jones, which creates a potential conflict of interest in this case. Lustig, who now represents Raymond Canty, represented Jones with respect to a plea hearing and sentencing on drug charges in 1983. The court previously dealt with this issue at a hearing on April 5, 2005, and found that "the potential conflict is remedied by the severance of the Defendants for trial as well as Defendant Canty's voluntary, knowing, and intelligent waiver of any conflict in open court." See Order dated April 6, 2005 (docket no. 488).

The reason that the government is raising the conflict issue again is that Butch Jones will likely testify against Canty at trial. The government contends that an actual conflict exists because Lustig will be in the position of cross-examining his former client. The government also expresses some concern whether a waiver will sufficiently cure the conflict. See Wheat v. United States, 486 U.S. 153, 160 (1988) ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.") (noting also that the court may decline a proffer of waiver).

Lustig responds that his representation of Jones was brief, not particularly substantive (involving only a plea and sentencing), and took place over 20 years ago. Lustig also contends that a conflict can be avoided by having his co-counsel, John Martin, cross-examine Butch Jones. Further, Lustig states that his client will again waive any conflict, which Mr. Canty did in open court at the hearing on October 19, 2006.

## LAW AND ANALYSIS

This court has an ongoing obligation to monitor and address conflicts as they arise. See United States v. Osborne, 402 F.3d. 626 (6th Cir. 2005); Cuyler v. Sullivan, 446 U.S. 335, 345 (1980). Generally, it "is more difficult for a defendant to show that counsel actively represented conflicting interests in cases of successive rather than simultaneous representation." Moss v. United States, 323 F.3d 445, 459 (6th Cir. 2003). "Successive representation occurs where defense counsel previously represented a co-defendant or trial witness." Id. As the Sixth Circuit has noted,

> The fear in successive representation cases is that the lawyer will fail to cross-examine the former client rigorously for fear of revealing or misusing privileged

-2-

>information.  Thus, the most common example of an actual conflict of interest arising from successive representation occurs where an attorney's former client serves as a government witness against the attorney's current client at trial.

Id. at 460.  In a case of successive representation, "mere proof that a criminal defendant's counsel previously represented a witness is insufficient to establish" an actual conflict.  Enoch v. Gramley, 70 F.3d 1490, 1496 (7th Cir. 1995).  Rather, a defendant may demonstrate an actual conflict where (1) counsel's earlier representation of the witness was substantially and particularly related to counsel's later representation of defendant; or (2) counsel actually learned particular confidential information during the prior representation of the witness that was relevant to defendant's later case. Id. (citation omitted); Moss, 323 F.3d at 461-62.

At the hearing, Lustig stated that his representation of Butch Jones over 20 years ago was brief, not substantive, and was in a matter not substantially related to this one.  Further, Lustig asserted that he was not privy to client confidences and that his memory of the matter was consistent with the very terse version of events presented in Jones's book, Y.B.I. (Young Boys, Incorporated) The Autobiography of Butch Jones.  In other words, Lustig contends that he is not aware of facts or client confidences regarding the prior representation that have not already been publicly available.

Under these circumstances, the court is not persuaded that a conflict of interest exists here.  See Enoch, 70 F.3d at 1497-98 (attorney's prior representation of trial witness against his client did not create conflict of interest).  The court in Enoch noted that a conflict does not necessarily exist when a lawyer cross-examines a former client.  Id.  The court also found that the trial court's reliance on defense counsel's own assessment of the potential for conflict "is reasonable because the attorney is in the best position professionally and ethically to determine

whether a conflict exists or if there is a risk of one arising." Id. at 1498.

To the extent a conflict does exist, however, the court finds that it is not "severe" and is remedied by (1) Mr. Lustig's representation that he will not cross-examine or be involved in the cross-examination of Mr. Jones; and (2) Mr. Canty's knowing, intelligent waiver of any such conflict in open court.  See United States v. Akinseye, 802 F.2d 740 (4th Cir. 1986) (waiver sufficient in case of joint representation at trial); United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994) (court obligated to disqualify attorney only in situations were it discovers that the attorney suffers from a "severe" conflict "such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation").

## ORDER

Accordingly, IT IS HEREBY ORDERED that the government's September 13, 2006 motion [docket no. 572] is GRANTED IN PART to the extent the government requested that the court make an inquiry regarding Mr. Lustig's potential conflict, which it has done.

IT IS FURTHER ORDERED that the government's motion is DENIED IN PART to the extent the government sought Mr. Lustig's disqualification.


s/John Corbett O'Meara
United States District Judge


Dated:  November 30, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 30, 2006, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager